O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 10-5256 PSG (RZx) | Date | September 21, 2010 |
|---|---|---|---|
| Title | Andre Popa, *et al.* v. BAC Home Loans Services, LP, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | | |
|---|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):          Attorneys Present for Defendant(s):

         Not Present                                    Not Present

**Proceedings:** (In Chambers) Order Denying Plaintiffs' Ex Parte Application

Pending before the Court is Plaintiffs' *ex parte* application to (1) set aside/vacate the Court's September 10, 2010 order granting the Defendants' motion to dismiss Plaintiffs' complaint, (2) allow the filing of Plaintiffs' first amended complaint, and (3) take Defendants' motion to dismiss Plaintiffs' complaint off the Court's calendar. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court DENIES Plaintiffs' application.

I.      Background

On July 2, 2010, Plaintiffs Andre Popa and Tammra Popa ("Plaintiffs") filed this action in Los Angeles Superior Court for violations of, *inter alia*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, *et seq.*, related to the purchase and foreclosure of their home. Defendants BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, and Bank of America National Association ("Defendants") timely removed the case to this Court on July 16, 2010. *See* Dkt. # 1. On July 28, 2010, Defendants filed a motion to dismiss Plaintiffs' complaint. *See* Dkt. # 9. Plaintiffs were required to file an opposition to the motion by September 6, 2010, and their failure to do so led the Court to dismiss Plaintiffs' case (the "September 10 Order"). *See* L.R. 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

After the case was dismissed, Plaintiffs submitted the pending *ex parte* application (1) to set aside or vacate the September 10 Order, (2) to allow for the filing of Plaintiffs' first amended complaint, and (3) to remove Defendants' motion to dismiss from the Court's calendar. *See* Dkt.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5256 PSG (RZx) | Date | September 21, 2010 |
|---|---|---|---|
| Title | Andre Popa, *et al.* v. BAC Home Loans Services, LP, *et al.* | | |

# 20.

II.     The Law on *Ex Parte* Relief

The law on *ex parte* applications is well-settled in this circuit. In order to justify *ex parte* relief, the evidence must establish two things. First, that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Second, the moving party must also establish that she is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *Id.* If there was any doubt as the limited circumstances under which parties should file *ex parte* applications, this Court's Standing Order makes clear that "[e]x parte applications are solely for extraordinary relief." *Standing Order*, ¶ 10.

III.    Analysis

In light of the foregoing explication of the governing legal standard, it should come as no surprise to Plaintiffs that the Court denies their application.

Plaintiffs, through their attorney, are entirely, and inexcusably, responsible for "creating the crisis." Plaintiffs devote multiple pages of the *ex parte* application to explain that Plaintiffs' failure to file an opposition to Defendants' motion was due an alleged agreement between the parties–with no notice to the Court–that if Plaintiffs filed a first amended complaint by September 10, 2010, the Defendants would withdraw their motion to dismiss. *See Ex Parte App.* 2, 4, 6, 7, 9, 12. Plaintiffs' go on to say that they "timely filed" a first amended complaint on the agreed upon date, and that, as a result, the Court "had no authority to . . . grant the motion on September 10 [for failure to oppose]." *See Ex Parte App.* 2. Plaintiffs are wrong. A filing would have been timely if it was submitted by September 6, 2010; nothing was filed by then and the Local Rules deems a failure to oppose as consent to granting the motion. *See* L.R. 7-12. Moreover, the parties' alleged agreement was never brought to the attention of the Court in a stipulation, a request to continue the hearing date, or otherwise.

Plaintiffs' attorney's arguments that she never received Defendants' motion through the CM/ECF filing system–she admitted to having knowledge of Defendants' motion on August 25, 2010–and that CM/ECF's complex electronic filing rules caused the delay–counsel's first attempt on September 10, 2010 was still after the Opposition was due–are equally unavailing. There is no doubt that the moving party is wholly responsible, and inexcusably so, for creating

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES - GENERAL

| Case No. | CV 10-5256 PSG (RZx) | Date | September 21, 2010 |
|---|---|---|---|
| Title | Andre Popa, *et al.* v. BAC Home Loans Services, LP, *et al.* | | |

this predicament. As a result, Plaintiffs have failed to establish that *ex parte* relief is warranted in this situation.

Plaintiffs similarly fail to present evidence of irreparable harm if the Court hears their Rule 60(b) motion for relief of the September 10 Order because of their attorney's "mistake, inadvertence, surprise, or excusable neglect" according to regular noticed motion procedures. While Plaintiffs insist that the "Bank or new owner of their home will undoubtedly seek to evict [Plaintiffs]," mere conjecture about the probability of future injury is insufficient to warrant such extraordinary relief. *See Mastro v. Momot*, CV 09-01076 PHX (ROSx), 2009 WL 1993772, at *1 (D. Ariz. July 9, 2009).

For these reasons, the Court finds that Plaintiffs have failed to demonstrate that *ex parte* relief is justified under the present circumstances.

IV.   Conclusion

Based on the foregoing, the Court DENIES Plaintiffs' *ex parte* application.

**IT IS SO ORDERED.**